1
2
3
4                        UNITED STATES DISTRICT COURT

5                             DISTRICT OF NEVADA

6                                    * * *

7    JERRY VAN-SOOLEN,                      Case No. 2:12-cv-00735-MMD-GWF

8                        Plaintiff,
                                            ORDER
9         v.

10   HORACE MANN INSURANCE COMPANY,
     CALEB JOSEPH BUDREAU, and DOES I
11   through X, inclusive,

12                        Defendants.

13

14        This case comes before the Court through Defendant Horace Mann Insurance

15   Company's ("HMIC") Petition for Removal.  In response, Plaintiff Jerry Van-Soolen has

16   filed a Motion to Remand to State Court.  (Dkt. No. 5.)  The Court grants Plaintiff's

17   Motion for the reasons discussed below.

18   **I.    BACKGROUND**

19        Plaintiff seeks recovery for injuries sustained in an automobile accident involving

20   another driver, Defendant Caleb Joseph Budreau ("Budreau").  The Complaint alleges a

21   negligence claim against Budreau, asserting that he was negligent and reckless in

22   operating his vehicle and, as a result, caused Plaintiff to sustain serious injuries.  The

23   Complaint further alleges that because Budreau was uninsured, Plaintiff made a claim

24   against his insurer, HMIC.  Plaintiff alleges claims for breach of contract, breach of the

25   implied covenant of good faith and fair dealing, breach of unfair claims practices act and

26   bad faith against HMIC.

27        Plaintiff filed the Complaint in the Eighth Judicial District Court in Clark County,

28   Nevada on March 29, 2012.  Plaintiff claims service of process was effectuated on HMIC

1    on March 30, 2012, and on Budreau on April 11, 2012.  According to HMIC, it was

2    served on April 2, 2012.

3         On May 2, 2012, HMIC filed the Petition for Removal seeking to remove under 28

4    U.S.C. § 1332(a) based on diversity jurisdiction.[1]  HMIC acknowledges that both Plaintiff

5    and Defendant Budreau are Nevada citizens, but argues that Budreau was improperly

6    joined so he should be disregarded for purposes of determining diversity.

7    **II.    ANALYSIS**

8         A defendant may remove an action to federal court if the plaintiff could have

9    initially filed the complaint in federal court.  28 U.S.C. § 1441(a).  If removal was

10   improper and the federal court lacks jurisdiction, the federal court must remand the case

11   to state court.  28 U.S.C. § 1447(c).  The district court must resolve all ambiguity in favor

12   of removal.  *Dunham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

13        Because HMIC raises improper joinder, it is entitled to present facts showing that

14   the "individuals joined in the action cannot be liable on any theory."  *Ritchey v. Upjohn*

15   *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998).  "If a

16   plaintiff fails to state a cause of action against the defendant, and the failure is obvious

17   according to the settled rules of the state, the joinder of the resident defendant is

18   fraudulent."  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

19        HMIC does not address the merits of the negligence claim against Budreau.  It

20   does not contend that the Complaint fails to state a claim against Budreau or that

21   Budreau cannot be liable even under any theory.  Instead, HMIC argues that Budreau is

22   a nominal defendant because (1) the purpose of Plaintiff's claim against HMIC is that he

23   cannot realistically pursue any claims against Budreau and (2) Budreau has only a

24   negligible stake in this case.  Neither argument is persuasive.

25        There is no merit to HMIC's argument that Plaintiff is suing HMIC because he

26   cannot realistically assert any claims against Budreau.  Under Nevada law, a plaintiff has

27

28        [1] While it is questionable whether HMIC's removal was timely, the Court need not
     address timeliness because the Court finds it lacks subject matter jurisdiction.

2

1  several options in this type of uninsured motorist coverage dispute:  he can elect to sue

2  his insurer; he can elect to sue the uninsured motorist; or he can elect to sue both in one

3  action as co-defendants.  *See Allstate Ins. Co. v. Pietrosh*, 454 P.2d 106, 108 (Nev.

4  1969).  Plaintiff has elected to sue both his insurer (HMIC) and the uninsured motorist

5  (Budreau).

6       In support of its argument that Budreau should be deemed a nominal defendant

7  because of his minor stake in this case, HMIC cites to *Kidd v. Gilfilen*, 170 F.Supp.2d

8  649 (N.D.W.Va. 2001).  In that case, the court found that because of the nature of

9  uninsured motorist coverage dispute where the insurer essentially stands in the shoes of

10  the uninsured motorist and shoulders the responsibility of controlling the case, the

11  uninsured defendant was a nominal party whose citizenship can be disregarded.

12  However, in a more recent decision based on similar facts, another court considered and

13  declined to follow *Kidd v. Gilfilen*.  *See Thomas v. Corbett*, No. 3:10-0790, 2010 WL

14  3064470, at *2-*3 (S.D.W.Va. Aug. 2, 2010) (noting that the possibility of personal

15  recovery against the uninsured motorist defendant because of the uninsured coverage

16  limits justify a significant stake in the lawsuit).

17       The Court also declines to follow *Kidd v. Gilfilen*.  Moreover, HMIC offers no

18  support for its argument that Budreau has only a minor interest in this lawsuit aside from

19  the fact that this case involves uninsured motorist coverage.  As the party seeking to

20  invoke federal jurisdiction, HMIC bears the burden of establishing jurisdiction.  *Indus.*

21  *Tectonics, Inc. v. Aero* Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The Court finds that

22  HMIC fails to satisfy this burden.

23  **III.    CONCLUSION**

24       IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (dkt. no. 5) is

25  GRANTED.  This case is remanded and the Clerk is directed to close the case.

26       DATED THIS 28th  day of August 2012.

27

28                                                                           
                                   UNITED STATES DISTRICT JUDGE